UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
BRENDA L.C.,

                       Plaintiff,        <u>DECISION AND ORDER</u>
                                               1:24-CV-08876-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In December of 2014, Plaintiff Brenda L.C.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application, in part. Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

      This case was referred to the undersigned on August 18, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

No. 14). For the following reasons, Plaintiff's motion is due to be granted and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on December 12, 2014, alleging disability beginning April 1, 2013. (T at 17,71).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on March 20, 2017, before ALJ Paul R. Armstrong. (T at 32-51).

On April 25, 2017, ALJ Armstrong issued a decision denying the application. (T at 11-26). The Appeals Council denied review on June 8, 2018. (T at 1-7). Plaintiff commenced an action in this Court seeking judicial review. On January 28, 2019, the Honorable Vernon S. Broderick, United States District Judge, entered a Stipulation and Order remanding this matter for further proceedings. (T at 672-73). The Appeals Council entered a remand order on March 25, 2019. (T at 675-80).

A second administrative hearing was held before ALJ Armstrong on October 28, 2019. (T at 606-635). On January 15, 2020, ALJ Armstrong issued a second decision denying the application for benefits. (T at 687-

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

701). On December 2, 2021, the Appeals Council granted Plaintiff's request for review and remanded for further proceedings. (T at 702-708).

An administrative hearing was held on May 19, 2022, before ALJ Sharda Singh. (T at 581-605). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 591-98). The ALJ also received testimony from a vocational expert. (T at 598-604).

B.   *ALJ's Decision*

On November 30, 2023, ALJ Sharda issued a decision denying the application for benefits in part. (T at 546-580). The ALJ found that Plaintiff became disabled under the Social Security Act on April 1, 2013, the alleged onset date, and had not engaged in substantial gainful activity since that date. (T at 562).

The ALJ concluded that between April 1, 2013, and September 8, 2022 (the closed period of disability), Plaintiff's schizoaffective disorder and alcohol abuse were severe impairments as defined under the Act. (T at 562).

However, the ALJ found that, during the closed period of disability, Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 562).

At step four of the sequential analysis the ALJ determined that, during the closed period of disability, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: she was limited to understanding, remembering, and carrying out simple, routine, repetitive tasks; could have occasional contact with supervisors, coworkers, and the general public; could occasionally exercise judgment, engage in decision making, and tolerate changes in a routine workplace setting, but would be absent more than 2 days a month and off-task more than 15% of the workday. (T at 564).

The ALJ found that Plaintiff had no past relevant work. (T at 567).

Considering Plaintiff's age, education (limited), work experience (no past relevant work), and RFC during the closed period of disability, the ALJ determined that there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed during that period. (T at 568). As such, the ALJ determined that Plaintiff was under a disability, as defined under the Social Security Act, and was entitled to benefits for the closed period. (T at 568-69).

The ALJ concluded, however, that Plaintiff experienced medical improvement as of September 9, 2022, and was no longer disabled within

the meaning of the Act. (T at 570-71). The ALJ found that, as of the date of medical improvement, Plaintiff retained the RFC to perform work at all exertional levels, with the following non-exertional limitations: she can understand, remember, and carry out simple, routine, repetitive tasks, with no more than occasional contact with supervisors, co-workers, and the public, in a job requiring no more than occasional judgment, decision-making, and changes in a routine work setting. (T at 571).

Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed as of the date of medical improvement. (T at 573).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between September 9, 2022 (the medical improvement date) and November 30, 2023 (the date of the ALJ's decision). (T at 574).

On September 26, 2024, the Appeals Council denied Plaintiff's request for review, making ALJ Sharda's decision the Commissioner's final decision. (T at 539-41).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 21, 2024. (Docket No. 1). On May 12, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14, 15). The Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings, on July 25, 2025. (Docket No. 16). On August 11, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 17).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

There is no question that Plaintiff was disabled within the meaning of the Social Security Act during the closed period of disability. (T at 562). The issue presented is whether substantial evidence supports the ALJ's decision that Plaintiff experienced medical improvement as of September 9, 2022. (T at 571).

A claimant who has been awarded disability benefits may thereafter be determined to be no longer disabled if substantial evidence of "medical improvement" supports the conclusion that the claimant can work. See 42 U.S.C. § 423(f)(1); *See Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

"Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [he or she was] disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i).

To determine whether medical improvement has occurred, "the Commissioner compares 'the current medical severity of the impairment ... to the medical severity of that impairment at the time' of the most recent favorable medical decision." *Veino*, 312 F.3d at 586-87 (quoting 20 C.F.R. § 404.1594(b)(7) (alteration in original)).

Here, the ALJ's determination that Plaintiff experienced medical improvement was "based on the lack of psychiatric treatment since September 9, 2022" and the findings of Dr. Arelene Rupp-Goolnick, a consultative examiner, which the ALJ characterized as "rather benign." (T at 571).  The Court finds the ALJ's reasoning insufficient and the record underdeveloped. Here's why.

First, the ALJ's characterization of Dr. Rupp-Goolnick's findings as "rather benign" is not consistent with a reasonable reading of the record.

Dr. Rupp-Goolnick performed a consultative psychiatric evaluation on September 21, 2023.  She diagnosed major depressive disorder, recurrent episodes, and generalized anxiety disorder. (T at 1450).  Dr. Rupp-Goolnick opined that her examination appeared to be consistent with psychiatric problems that "may significantly interfere with [Plaintiff's] ability to function on a daily basis." (T at 1450).  Thus, Dr. Rupp-Goolnick's overall assessment cannot reasonably be characterized as "rather benign."

Moreover, Dr. Rupp-Goolnick assessed significant limitations in Plaintiff's functioning, including moderate impairment in her ability to use reason and judgment to make work-related decisions; interact adequately with supervisors, co-workers, and the public; sustain concentration and perform a task at a consistent pace; regulate emotions, control behavior, and maintain well-being; and sustain an ordinary routine and regular attendance at work. (T at 1450).

Dr. Rupp-Goolnick's conclusion that Plaintiff had at least moderate limitation with respect to sustaining an ordinary routine and regular attendance is significant in that the ALJ's conclusion that Plaintiff was disabled within the closed period was based primarily on limitation in this domain. (T at 564).

Thus, the likelihood of excessive absenteeism and off-task behavior were significant in the ALJ's conclusion that Plaintiff was disabled during the closed period. (T at 564).

The ALJ credited evidence of disabling limitation in this domain (T at 566-67), including a June 2019 consultative examination by Dr. David Schaich, who assessed marked impairment in Plaintiff's ability to use reason and judgment to make work-related decisions, regulate emotions and control behavior, and interact with others. (T at 941), and a November

2019 consultative examination by Dr. Jonathan Fiskus, who opined that Plaintiff had, *inter alia*, marked limitation with respect to sustaining an ordinary routine and regular attendance and marked impairment as to regulating emotions, controlling behavior, and maintaining well-being. (T at 950-51).

The ALJ failed to provide an adequate explanation for the conclusion that a single, subsequent assessment of *moderate* limitation in this domain, based on one-time examination by Dr. Rupp-Goolnick, supported the conclusion that Plaintiff regained the ability to sustain an ordinary routine and regular attendance sufficient to maintain competitive, remunerative employment as of the date of medical improvement. *See generally Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)("Dr. Balderman's report is not the clean bill of health that the ALJ suggests it is.).

Second, the ALJ did not adequately develop the record.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168

F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

Further, "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Here, the ALJ stated that Plaintiff discontinued psychiatric treatment in September of 2022, and concluded that this was evidence of symptom improvement to a degree sufficient to establish that Plaintiff was no longer disabled within the meaning of the Social Security Act as of September 9, 2022. (T at 571).

During her administrative hearing in May of 2022, Plaintiff testified that she met with a psychiatrist once a month and with a therapist twice a month, with the sessions being conducted via videoconference. (T at 597).

In September of 2023, Plaintiff told Dr. Rupp-Goolnick that she was seeing "Dr. Pena" about once a month but needed a new therapist and was struggling to find one. (T at 1447, 1450-51).

Under the circumstances and particularly given the earlier evidence of disabling mental limitations, the ALJ was obliged to confirm that Plaintiff had, in fact, stopped receiving psychiatric treatment and, if so, to determine whether that was due to symptom improvement or due to an alternative explanation, such as lack of access to care. *Greene v. Berryhill*, No. 3:17-CV-01241 (JCH), 2018 WL 8646666, at *8 (D. Conn. Aug. 10, 2018)("Before drawing an inference, the ALJ must consider 'possible reasons [the claimant] may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

Further, in the event Plaintiff was receiving psychiatric treatment, the ALJ was obliged to contact the treating provider(s) to obtain their assessment(s) of Plaintiff's ability to meet the mental demands of basic work activity. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*,

No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023); *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022).

The Commissioner defends the ALJ's decision by noting that the record was held open following the administrative hearing to allow Plaintiff's counsel to submit additional evidence (T at 590) and counsel sent a letter to the ALJ in October of 2022 representing that the record was "complete." (T at 929). Plaintiff's counsel was offered an additional opportunity to submit evidence in October of 2023, following Dr. Rupp-Goolnick's consultative examination, but failed to submit any evidence and did not ask for additional time or assistance in obtaining further documentation. (T at 934).

The Court recognizes that the Second Circuit, in panel opinions, has held that an ALJ may, in certain circumstances, rely on counsel's certification that the record is complete. *See, e.g., Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005); *Frye v. Astrue*, 485 Fed. App'x 484, 488

15

n.2 (2d Cir. 2012). Nonetheless, "it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel." *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016); *see also Edwards v. Berryhill*, No. 3:17-CV-298 (JCH), 2018 WL 658833, at *12 (D. Conn. Jan. 31, 2018)("ALJs have a duty to develop the record even in cases where the claimant is represented by counsel and may not delegate her duty to develop the record to the claimant's attorney.").

Here, for the reasons discussed above, the need for further development of the record regarding Plaintiff's psychiatric treatment and psychiatric condition during the time period in question was readily apparent and its absence prevents a fair adjudication of Plaintiff's application for benefits.

While the Court finds it frustrating that Plaintiff's counsel, having (a) failed to fill this obvious gap in the record (and/or alert the ALJ to the need for additional evidence) and (b) having represented to the ALJ that the record was complete, now requests remand by arguing that the record is not complete. However, "remand is required whenever further development of the record is necessary, even where (as here) the underdevelopment of the record is attributable, in part, to inaction by the claimant's counsel."

16

*Martinez v. Saul*, No. 3:19-CV-01017-TOF, 2020 WL 6440950, at *12 (D. Conn. Nov. 3, 2020)(quoting *Vincent v. Astrue*, No. 08-CV-0956 (VEB), 2010 WL 10827101, at *8 (N.D.N.Y. Mar. 30, 2010)).

"Where, as here, it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record by a statement of counsel." *Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 346 (E.D.N.Y. 2010).

A remand is, therefore, required.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED, and this matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: September 28, 2025                         *s/ Gary R. Jones*
                                                                          GARY R. JONES
                                                                          United States Magistrate Judge